MATHEW EDWARDS *v.* JOHN C. WALKER, Sheriff, and another.

Under a *fieri facias* against the principal and surety on a twelve months bond, execut-
ed for the price of property sold under execution, the sheriff may seize and sell the
property of the principal, or of the surety, or of both, to the amount of the debt and
costs. C. P. 719, 720.

APPEAL from the District Court of East Feliciana, *Johnson*, J.

*Lawson*, for the appellant.

*Lyons*, for the defendants.

MORPHY J. The petitioner enjoined an execution, under which his property was about to be sold as the security of John C. White on two twelve months bonds taken in a suit of one Louisa Taylor against the latter, amounting together to $1866,13. He represents that on the 15th of October, 1840 the said Louisa Taylor took out an execution against him and his principal, and made on it a sum of $700, by the sale of some of White's property; that on the 2d of February, 1841, she caused another execution to be issued for the balance of the debt, which was levied, on the third of March following, on 414 acres of land belonging to White, and that on the 12th of the same month other property of the same debtor was seized, consisting of one ox wagon, three yoke of oxen, and one sorrel mare, all of which property was advertised to be sold, when, on the 25th of March, the plaintiff in the execution, by her attorney, ordered the sheriff to return the writ into court, which the latter did; and that another execution was then sued out under which his (plaintiff's) land and slaves were seized and advertised to be sold. The petition avers that this last writ was irregularly and illegally issued, and that all proceedings under it are null and void; that by the previous levy, a lien and privilege was created on the property of White in favor of the seizing creditor, which should enure to his benefit as surety, and

that he has the right to enjoin the sale of his property until that of White his principal, has been sold, and the proceeds credited on the execution. The petition concludes with a prayer that the injunction may be made perpetual, and that Louisa Taylor, may be cited as a party to this suit. The answer denies that there is any irregularity or informality in the proceedings had in the case, which could have entitled the plaintiff to an injunction, and prays that the same may be dissolved with damages, costs, &c; but should the court be of opinion that there was good cause for an injunction, then the answer further shows that since the issuing of the injunction, the property mentioned as having been seized, has been again seized under another writ, and on being sold produced a very trifling sum, bearing no proportion to the amount of the writ, and that it was in consequence of the insufficiency of the levy, that the writ had been returned and the seizure released. The inferior court ordered the injunction to be maintained so far as regards the costs, without prejudice to the rights of the plaintiff in the execution. The plaintiff in the injunction has appealed.

The record shows that, on the first exposure for sale of the tract of land seized as belonging to White, it was bought in by himself, for one dollar over and above the amount of the mortgages on it, which greatly exceeded its value. This adjudication was in itself a nullity, as he could not purchase what already belonged to him. On the second attempt to sell under the writ, which issued after the plaintiff took out his injunction, no bid whatever was offered for the land, which it appears cannot be sold on account of the mortgages on it. As to the sorel mare, ox wagon, and three yoke of oxen, which had been seized by reason of the evident insufficiency of the property first levied upon, they were not produced by White at the time of the sale; his interest in them only was sold which brought five dollars. The only cause of complaint alleged by the plaintiff in his petition for an injunction having been thus removed, and his costs having been allowed below, what could he expect to obtain by invoking our interference? We cannot, as his counsel has urged us to do, give any instructions to the sheriff as to the course he is to pursue. He must look to the law which, in a case like the present, directs him to seize the property of the principal, or of the surety or of both, to the amount of the debt and costs.

Code of Practice art. 719, 720. Under those articles the sheriff might have begun by seizing the plaintiff's property ; or, having made an insufficient levy on White's effects, he might, under the same writ, have seized the land and negroes of the appellant, to an amount sufficient to satisfy the debt, and have sold the whole together, even, if in this case, it was an irregularity to return the first writ without selling the property seized under it, and to sue out another. The judge below was right in not rendering perpetual the injunction, when it is clear that the party enjoined had the right to proceed to a new levy by taking out an *alias* or a *pluries fi. fa.*

*Judgment affirmed.*